UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTY WAYNE RHODES,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO CUSTOMER CORRESPONDENCE,<br><br>Defendant. | Case No. 4:19-cv-00124-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Marty Wayne Rhodes's Motion for Amendment for Judge Being Partial Pre-Judicial (Dkt. 12) and Motion for Order's [sic] (Dkt. 20).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons explained below, the Court DENIES both motions.

## II. BACKGROUND

On April 16, 2019, Rhodes filed an application for leave to proceed in forma pauperis (Dkt. 1) and a complaint against "Wells Fargo Customer Correspondence"[1]

---

[1] Rhodes improperly named Defendant "Wells Fargo Customer Correspondence," instead of using Defendant's proper name: "Wells Fargo Bank, N.A."

MEMORANDUM DECISION AND ORDER – 1

("Wells Fargo") (Dkt. 2). Rhodes alleges that Wells Fargo, through its Exception Payments department, failed to release $5,304.37 from his recently deceased mother's (Julia Rhodes) account to his own account as Rhodes was attempting to close out his mother's postmortem affairs. Rhodes claims the $5,304.37 in actual damages and alleges an additional $194,695.63 in general damages for pain and suffering.

On March 9, 2020, Rhodes filed a "Motion for Amendment for Judge Being Partial Pre-Judicial," which the Court construes as a motion to disqualify the undersigned from hearing his case. Dkt. 12. On April 13, 2020, Rhodes filed his "Motion for Orders," requesting orders for him to be an administer of his mother's estate and for specific discovery to be conducted. Dkt. 20.

### III. ANALYSIS

#### A. Motion to Disqualify

In Rhodes' motion to disqualify, he alleges that the Court's order granting Rhodes' in forma pauperis application impermissibly provided Wells Fargo "advice and recommendation" concerning potential grounds for dismissal. Dkt. 12, at 1. Specifically, Rhodes takes issue with the Court's comment that—while Rhodes' Complaint had met the low threshold required for an in forma pauperis application—its "screening and approval of the Complaint does not prevent Wells Fargo from bringing a motion to dismiss based on, for example, lack of jurisdiction" (Dkt. 9, at 4), claiming this statement amounted to judicial misconduct. In light of this purported misconduct, Rhodes seeks that the undersigned disqualify himself from further proceedings in Rhodes' case and that there is a change of venue.

Upon review, the Court finds that Rhodes has not shown that statutes governing disqualification of judges—28 U.S.C. §§ 144[2] and 455[3]—or any cases interpreting those sections apply in this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> >
> > (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> >
> > (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
> >
> > (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> >
> > (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
> >
> > > (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
> > >
> > > (ii) Is acting as a lawyer in the proceeding;
> > >
> > > (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
> > >
> > > (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

MEMORANDUM DECISION AND ORDER – 3

basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

In this case, the Court's comment simply explained and provided an example of how its grant of Rhodes' in forma pauperis application did not mean his Complaint could or would survive any motion to dismiss challenges; it was not coaching the opposing party on how to proceed. Such explanation is routine; the Court has used the same language in other cases. *See Keller v. Keller*, No. 1:18-CV-00308-DCN, 2020 WL 534519, at *2 (D. Idaho Feb. 3, 2020) ("In other words, the Court's screening and approval of the Amended Complaint does not prevent Kimberly from bringing a motion to dismiss based on, for example, lack of jurisdiction.").

Additionally, Rhodes has not made a showing that the Court's order granting his in forma pauperis application was the "product[] of deep-seated favoritism or antagonism that made fair judgment impossible." *Focus Media, Inc.*, 378 F.3d at 930 (internal quotation marks and alteration omitted).

In conclusion, not only is Rhodes' motion for disqualification denied as unnecessary, but also for lack of any viable legal theory and insufficient supporting evidence.

### B. Motion for Orders

In Rhodes' motion for orders, Rhodes first asks the Court for an order "assign[ing] him as the administrator to the named estate of Julia Rhodes." Dkt. 20, at 1. Second, Rhodes asks for discovery, including a request for the names of those he believes may have stolen money from his mother's account and a subpoena for certain phone calls. Dkt. 20, at 1–2.

Wells Fargo responds that the Court has no power to name Rhodes an administrator of Julia Rhodes' estate and Rhodes' discovery request is premature.

State courts, not federal courts, have original jurisdiction "in all matters of probate, settlement of estates of deceased persons, and appointment of guardians." Idaho Const. art. V, § 21. Federal district courts lack jurisdiction over administration of estates or probating a will. *See Profita v. Andersen*, 771 F. App'x 414, 414 (9th Cir. 2019) ("To the extent that [plaintiff's] claims sought to have the district court probate a will, administer an estate, or dispose of property in the custody of the state probate court, the district court properly dismissed those claims for lack of jurisdiction under the probate exception because federal courts lack jurisdiction over probate matters."); *Marshall v. Marshall,* 547 U.S. 293, 311–12 (2006) ("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court."). The Court lacks jurisdiction to name Rhodes an administrator of Julia Rhodes' estate.

As for Rhodes' discovery requests, it is premature. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rhodes filed his Amended Complaint on May 7, 2020. Dkt. 24. Wells Fargo has not yet answered the Amended Complaint, much less conferred with Plaintiff in accordance with Rule 26(f).

The Court denies Rhodes' motion for orders naming him the administrator of his mother's estate and for discovery.

MEMORANDUM DECISION AND ORDER – 5

## III. ORDER

1. Rhodes' Motion for Amendment for Judge Being Partial Pre-Judicial (Dkt. 12) is **DENIED**.

2. Rhodes' Motion for Order's [sic] (Dkt. 20) is **DENIED**.

DATED: May 14, 2020

David C. Nye
Chief U.S. District Court Judge