UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| MARTY WAYNE RHODES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　Defendant. | Case No. 4:19-cv-00124-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 26) AND PLAINTIFF'S MOTION FOR JURY TRIAL (DKT. 32)** |

## I.  INTRODUCTION

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo")[1] Motion to Dismiss (Dkt. 26) and Plaintiff Marty Wayne Rhodes' Motion for Jury Trial (Dkt. 32). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons outlined below, the Court finds good cause to GRANT Defendant's Motion to Dismiss and DENY Plaintiff's Motion for Jury Trial.

---

[1] Defendant Wells Fargo Bank, N.A., is improperly named by Plaintiff as "Wells Fargo Customer Correspondence."

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On April 16, 2019, Marty W. Rhodes filed a pro se Complaint alleging that Wells Fargo refused to credit stolen money from his now-deceased mother's (Julia Rhodes) bank account. Dkt. 2. He asserts $5,304.37 in actual damages and $194,695.53 in damages for pain and suffering. On May 7, 2020, Rhodes filed an Amended Complaint. Dkt. 24. In his Amended Complaint, he asserts he does not have proof that he is the administer of Julia Rhodes' estate, but alleges he is the rightful owner of Julia Rhodes' accounts and the stolen property.

On May 27, 2020, Wells Fargo filed the pending motion to dismiss. Dkt. 26. On June 8, 2020, Rhodes filed a combined response to Wells Fargo's motion and a motion for jury trial. Dkt. 32.

## III. LEGAL STANDARD

Rule 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In deciding whether to grant a motion to dismiss, the court must accept as true all well-pled factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is

inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

Wells Fargo argues the Amended Complaint should be dismissed because it does not specify any legal ground supporting Rhodes' claims for relief, and in any event his claims fail as a matter of law whether they are based in contract, tort, or another legal theory. Dkt. 26. Rhodes did not respond to Wells Fargo's arguments but rather raised the following issues: (1) the deposit agreement between Julia Rhodes and Wells Fargo (Dkt. 26-2) is not enforceable because Julia Rhodes was too disabled to have signed it, or, alternatively, Rhodes should be excused from compliance with the notice provision of the deposit agreement;[2] (2) Wells Fargo has not provided Rhodes certain documents he requested; and (3) Rhodes filed a complaint with the Consumer Financial Protection Bureau. Dkts. 31, 33.

"Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate." *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN WVG, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014); *see also Silva v. U.S. Bancorp*, No. 5:10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be

---

[2] Although Rhodes does not cite to a statute, Wells Fargo interprets Rhodes as arguing that he should be excused from compliance with Idaho Code Ann. § 28-4-406 (imposing duty on the customer to review statements for unauthorized checks and other items). The Court also finds Rhodes' argument could be read as asserting Wells Fargo failed to comply with the statute's requirement that banks make a statement of account available to customers. Regardless, it is unclear what Rhodes is arguing and his claims relating to Julia Rhodes' ability to review bank statements are not alleged in the Amended Complaint.

MEMORANDUM DECISION AND ORDER - 3

dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *9 & n.2 (N.D. Cal. Mar. 10, 2010) (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (dismissing claims as abandoned where the plaintiff did not oppose dismissal); *In re TFT-LCD (Flat Pan el) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned" and could not be raised on appeal).

    Rhodes did not respond to Wells Fargo's arguments, so dismissal is appropriate. Additionally, the Court finds that Rhodes has not asserted a cognizable legal theory in his Amended Complaint. Rhodes apparently is alleging a breach of contract suit and/or a tort suit. However, he does not allege which contract the parties are bound by or which terms Wells Fargo has breached. Additionally, even if he had adequately alleged a breach of contract claim, Rhodes disputes the enforceability of the only identified contract, as he asserts Julia Rhodes could not have signed it. He also does not identify what Idaho tort he is pursuing a legal claim under, nor does he articulate what legal duty Wells Fargo might owe him or his mother outside of contract.

Further, even if Rhodes had responded to Wells Fargo's arguments in its motion to dismiss and had asserted a cognizable legal theory in his Amended Complaint, the Court would have concerns about Rhodes' standing in this case.

In *Raffaelly v. Siskiyou Cty. Bd. of Supervisors*, the Ninth Circuit held that the plaintiff:

> may not prosecute this appeal as the representative of her father's estate because, as a non-lawyer, she may not bring an action on behalf of another party. *See C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697–98 (9th Cir. 1987) (explaining that a non-attorney "may appear in propria persona in his own behalf" but "has no authority to appear as an attorney for others"); *see also* 28 U.S.C. § 1654 (requiring parties to "plead and conduct their own cases personally or by counsel").

271 F. App'x 576, 577 (9th Cir. 2008). Here, it appears that Rhodes is attempting to prosecute this case on behalf of his mother's estate, although he also alleges in the Amended Complaint that he now possesses ownership of the property at issue. Regardless, the Court need not decide upon this issue as Rhodes' failure to respond to Wells Fargo's Motion to Dismiss and lack of cognizable legal theory in his Amended Complaint are sufficient grounds for dismissal.

Plaintiff's Motion for Jury Trial (Dkt. 32) is accordingly dismissed as moot.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant's Motion to Dismiss (Dkt. 26) is GRANTED.

2. Plaintiff's Amended Complaint (Dkt. 24) is DISMISSED without prejudice. The Court grants Rhodes leave to amend his Amended Complaint. Rhodes shall have 21 days from this issuance of this Order to file his Second Amended Complaint.

MEMORANDUM DECISION AND ORDER - 5

3. Plaintiff's Motion for Jury Trial (Dkt. 32) is dismissed as moot.

DATED: July 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge