UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTY WAYNE RHODES,<br><br>             Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>             Defendant. | Case No. 4:19-cv-00124-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss. Dkt. 40. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS the motion.

## II. BACKGROUND

On April 16, 2019, Marty Wayne Rhodes filed a pro se Complaint alleging that Wells Fargo refused to credit his now-deceased mother's (Julia Rhodes) bank account with stolen money. Dkt. 2. He claims that third parties stole money from the account and seeks $5,304.37 in actual damages and $194,695.53 in damages for pain and suffering. On May 7, 2020, Rhodes filed an Amended Complaint. Dkt. 24. In it, Rhodes alleged that he is the

rightful owner of his mother's account as her successor and again contends that he has been harmed by the alleged theft of the funds.

On May 27, 2020, Wells Fargo filed a motion to dismiss. Dkt. 26. On June 8, 2020, Rhodes filed a combined response to Wells Fargo's motion and a motion for jury trial. Dkt. 32. Thereafter, the Court dismissed Rhodes's Amended Complaint for several reasons. Dkt. 36. First, Rhodes did not identify which contract bound the parties or which terms Wells Fargo has breached, thereby failing to identify a cognizable legal theory. Further, Rhodes did not respond to the substance of Wells Fargo's motion to dismiss, and by operation of law, abandoned his claims. Lastly, the Court expressed doubts regarding Rhodes's standing. The dismissal was without prejudice, however, and the Court granted Rhodes leave to amend. *Id.* at 5.

On July 23, 2020, Rhodes filed his Second Amended Complaint. Dkt. 38. Therein, he alleged that Wells Fargo violated Idaho Code § 15-3-1201 and breached two contracts—his Idaho Affidavit of Collection Estate Assets ("Affidavit") and the Wells Fargo Customer Agreement ("Customer Agreement"). Rhodes claims that, under the statute and these purported contracts, Wells Fargo was required to refund the alleged stolen money and cooperate with local law enforcement. On August 3, 2020, Wells Fargo filed the instant Motion to Dismiss arguing that Rhodes has once again failed to state claims upon which relief can be granted. Dkt. 40. Rhodes responded and included more allegations—without leave from the Court—in what he labels a Third Amended Complaint. Dkt. 42. On

September 4, 2020, Wells Fargo replied. Dkt. 45. The issue is now ripe for the Court's consideration.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). In deciding whether to grant a motion to dismiss, the court must accept as true all well-pled factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

### IV. ANALYSIS

Before addressing Rhodes's Second Amended Complaint, the Court will address Rhodes's purported Third Amended Complaint. In it, Rhodes appears to allege a violation of the rules of the Federal Deposit Insurance Corporation ("FDIC") and that Wells Fargo has committed various crimes. Dkt. 42, at 2–3. However, Rhodes's "Third Amended Complaint" is not properly before the Court because it was filed without leave from the

Court. *See* Fed. R. Civ. P. 15(a)(2). Nonetheless, it makes no difference because Rhodes has not stated a viable claim therein. As a private citizen, Rhodes has no authority to bring a criminal action against Wells Fargo. Instead, any criminal allegations should be directed to the appropriate law enforcement agency. Additionally, Rhodes has not alleged a cognizable violation of the FDIC's rules or regulations because he does not identify the specific FDIC regulation and he does not allege that whatever regulation it is creates a private right of action. The Court is not aware of one. Thus, to the extent Rhodes's "Third Amended Complaint" states new causes of action, it is dismissed.

This leaves Rhodes's statutory and breach of contract claims from his Second Amended Complaint. In the instant Motion to Dismiss, Wells Fargo contends that Rhodes has still not properly stated a claim and seeks a dismissal with prejudice due to Rhodes's repeated opportunities and failures to state a claim. The Court will address the remaining causes of action in turn.

### A. Idaho Code § 15-3-1201

Rhodes alleges that Wells Fargo violated Idaho Code section 15-3-1201. Idaho's Uniform Probate Code provides an abbreviated, nonjudicial procedure for the collection of personal property by affidavit and summary administration of small estates. Idaho Code §§ 15-3-1201 to -1205. Section 15-3-1201 requires a person indebted to the decedent or having certain property that belongs to the decedent to make payment or deliver the property "to a person or entity claiming to be the successor of the decedent upon being presented an affidavit" that meets the other enumerated requirements.

This cause of action must be dismissed for several reasons. First, Rhodes failed to respond to Wells Fargo's arguments for dismissal, which itself warrants a dismissal.[1] *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that, where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and the claim was "effectively abandoned" and could not be raised on appeal); *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN WVG, 2014 WL 1404877, at *2 (S.D. Cal. Apr. 10, 2014) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate."); *Silva v. U.S. Bancorp*, No. 5:10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted).

Further, there are no allegations that Wells Fargo refused to tender the funds that were in the account at the time Rhodes submitted his Affidavit, which is what Idaho Code section 15-3-1201 requires. Lastly, the statute does not relate to Rhodes's allegations. It does not require participation with law enforcement investigations, and it does not address a financial institution's liability for funds allegedly stolen by third parties before an affidavit is submitted. Accordingly, the claim is dismissed.

---

[1] Rhodes should be aware that not responding to arguments for dismissal is fatal to a claim, as the Court previously dismissed Rhodes's Amended Complaint for this very reason. Dkt. 36, at 3–5.

B. **Breach of Contract**

Rhodes also asserts two breach of contract causes of action, one based on his Affidavit and the other based on the Consumer Agreement. Neither survives. To begin, the Affidavit is not an enforceable contract because it is wholly devoid of the elementary requirements of an enforceable contract: offer, acceptance, and consideration. *See Shapley v. Centurion Life Ins.*, 303 P.3d 234, 237 (Idaho 2013). Indeed, the Affidavit is just that: an affidavit in which he swears he is entitled to the money in his mother's account under Idaho Code § 15-3-1201. *See* Dkt. 24-2, at 2–3. This was not an offer but a statutory demand, and Wells Fargo did not accept an offer or act based on consideration, but rather fulfilled its statutory duty by transferring the account's funds to Rhodes. Moreover, even if the Affidavit were somehow a contract, there are still insufficient allegations that it was breached. Rhodes does not include any allegations that Wells Fargo failed to deliver the funds held in the account at the time Rhodes submitted his Affidavit. The Affidavit does not address previously taken funds, nor would it under the statute. Therefore, this claim is dismissed.

As to the latter cause of action—that Wells Fargo breached the Customer Agreement—Rhodes has also failed to state a plausible claim. The Customer Agreement does not require a refund and participation with law enforcement upon any report of missing funds at any time. Rather, it requires the customer to report unauthorized transactions "within 30 days after [Wells Fargo has] made your account statement available to you of any unauthorized transaction on your account." Dkt. 26-2, at 10. When so done,

the Customer Agreement then requires Wells Fargo to investigate the reports. *Id.* at 7. It still does not require a refund or participation with law enforcement. Importantly, in none of his four complaints has Rhodes alleged that anyone timely reported unauthorized transactions. Although Rhodes consistently alleged that he called Wells Fargo within the thirty-day timeframe (Dkt. 2, at 1; Dkt. 24, at 2; Dkt. 42, at 2),[2] he has never alleged that he reported any unauthorized activity to Wells Fargo. Thus, Rhodes has not alleged sufficient facts to demonstrate that Wells Fargo has breached the Customer Agreement. It appears Rhodes's recourse lies with law enforcement officials, a lawsuit against the third parties he suspects committed the theft, or both.

## V. CONCLUSION

For the foregoing reasons, the Court dismisses all of Rhodes's causes of action. Because Rhodes has repeatedly failed to cure the deficiencies of his complaints and leave to amend would cause undue delay and would prejudice Wells Fargo by requiring further motions to dismiss, the Court exercises its discretion to dismiss this case with prejudice. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (stating that leave to amend may be denied "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility

---

[2] Rhodes's Second Amended Complaint does not include any allegations related to the phone call. Dkt. 38.

of amendment." (cleaned up)); *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 896–97 (N.D. Cal. 2015).

## VI. ORDER

The Court HEREBY ORDERS:

1. Wells Fargo's Motion to Dismiss (Dkt. 40) is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE** and **CLOSED**.

DATED: November 17, 2020

David C. Nye
Chief U.S. District Court Judge